No. 9111.
Orleans Appeal.

TRAVELERS INSURANCE CO. v. AUTOMOBILE SERVICE CO., INC., Appellant.

(November 26, 1923, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Obligations—Par. 99; Insurance—Par. 28.
A contract of insurance, the policy of which is issued "at the risk" of the insurer and the premium of which is to be paid by the assured "if it can" is void as containing a potestative condition.
(Civil Code, Arts. 2024, 2034, Editor's note.)

Appeal from the First City Court, Hon. Leon L. Labat, Judge.

This is a suit to collect premiums on an insurance policy.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Wm. Norman, attorney for plaintiff and appellee.

Hugh Wilkinson, attorney for defendant and appellant.

WESTERFIELD, J. The plaintiff Insurance Company sues the defendant for One Hundred and Seventy-three and 53/100 ($173.53) Dollars, claimed to be due it as earned premiums on two policies of insurance. The defense is, in effect, a general denial. Plaintiff in its petition alleges, "that on January 3, 1922, it entered into a contract of insurance with defendant company for the period of one year, represented by policy contract No. F. G. 2797827, by the terms of which petitioner, among other

things, obligated itself to indemnify the assured up to the policy limit against loss by reason of the liability imposed upon assured for damages on account of injuries suffered by third persons, resulting from the operation by assured of an automobile garage sales agency and service station, etc., at 857-61 Carondelet Street, New Orleans and elsewhere in the State of Louisiana," and "that on January 23, 1922, petitioner entered into a contract of insurance with defendant company, represented by policy UB-2946267 for the period of one year, by the terms of which petitioner, among other things, obligated itself to pay to any employee or dependent of any employee of defendant company entitled thereto under the Workmen's Compensation Law of Louisiana, any and all compensation due as a result of personal injuries received or death, resulting from personal injuries within the space of one year from the date of the policy contract, such contract covering all employees, whenever their entire remuneration is included in the total actual remuneration upon which the policy premium is computed."

It thus appears that plaintiff's suit is based upon two contracts of insurance represented by two policies, from which it might be assumed that the contracts relied upon were written contracts, i. e., the policies referred to. The record does not indicate that any exception of vagueness was filed by the defendant, though it was insisted in the argument in this Court that plaintiff's recovery must be conditioned upon proof of a written contract. The trial Court permitted evidence to be introduced for the purpose of proving a verbal contract, and in view of the record as made up, we will consider the case as presenting the question of contract vel non.

It appears from the evidence that the plaintiff Insurance Company is represented by the Sinclair Agency, Inc., as its local

agent, and that through the said local agency, two policies of insurance similar to the policies under which premiums are claimed in this suit were issued to the defendant, which operates a garage and automobile repair shop with the understanding that the premiums should be taken out in trade, that is to say, by repairing automobiles for the plaintiff company. At the expiration of these policies, a representative of the Sinclair Agency, Inc., informed defendant that it would not or could not renew the policies upon the same basis because the plaintiff Insurance Company would not write the policies on that basis any longer. A renewal of the policies was solicited upon a cash basis and the General Manager and Secretary-Treasurer of the defendant, stated that his Company was in financial difficulties and that if these policies were renewed it would be at plaintiff's risk and that defendant would pay for them if it could.

"Q. Am I correct in understanding you have testified that you received these policies and that you had some kind of an agreement with somebody, who called at your office with reference to the renewals to the effect that you were at that particular time in straitened financial circumstances and you would take these policies provided you could pay for them if you could and if you didn't pay, it would make no difference?

A. Yes, sir, that's about the agreement I had; if I could pay for them I would, and if I couldn't do so, it was their risk."

By the Court:

"Q. And you had reference to these renewal policies?

A. Certainly, because the others had expired or were expiring and they would not have called on me otherwise."

Subsequently, a "binder" or temporary policy was sent defendant and in due course the formal policies were mailed and received by defendant which retained the policies. A demand was made for payment of the premiums and payment not being made the policies were cancelled, some

three or four months after their issuance by plaintiff and this suit is for the earned premium.

The plaintiff offered evidence to prove that it was not customary to have written agreements for policies of this sort sued on here and that after successful solicitation by agents, the assured was sent the policy and the retention of the policy by the assured was considered a contract. The custom of having a signed application attached to the policy and forming a part, indicating the acceptance of the insurance contract by the assured, which obtains in life insurance, it was argued was not indulged in in the contracts sued on. It appears, however, from a form styled "Proposal Automobile Garage Public Liability Insurance" introduced in evidence by plaintiff, that plaintiff's witness was mistaken, for we find the following clause in the printed form referred to at bottom of the page which describes the insurance desired: "The following signature is authorized and accepted by the assured as his signature" and an examination of the copy of the policies in evidence seems also to contemplate the signature of the assured. However, that may be insurance contracts, like all other contracts, must be assented to by the parties whether in writing, which would appear to be the most business-like method, or otherwise. It is admitted that the defendant signed no application contract or policy and therefore, we have now to consider the question of his verbal acceptance of the contract.

Under the title of obligations, we find the following article of the Code:

"Art. 2024. The Potestative Condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder."

"Art. 2034. Potestative Condition on Part of Obligor. Every obligation is null, that has been contracted, on a potestative condition, on the part of him who binds himself."

Does the agreement of defendant contain a potestative condition is the question presented by this case.

There is nothing in the record contradicting Mr. Post's testimony and it was admitted in argument that so far as the record disclosed, Mr. Post's statement of the manner of his agreement to take out the insurance was correct. Counsel argued that the words "if I can" and "if I could" used by Mr. Post meant that payment would be made if there was any means of payment possible and that plaintiff was to get its money unless all available assets of defendant were insufficient to cover the premium as demonstrated by a return of nulla bona to a writ of fieri facias in execution of a judgment in its favor. We cannot subscribe to this view. The interpretation of counsel would render meaningless the qualifications which defendant insisted upon as a condition of his acceptance of the insurance and would assimilate this contract to that of an eager customer promising prompt payment under a written agreement. Of course, no debtor can pay unless he has money or other assets with which to make payment or from the sale of which, voluntary or otherwise, payment may be obtained. We think the defendant in this case contemplated and that his words may fairly be interpreted as meaning that it would only pay the premiums which the policies called for if it could be done without financially embarrassing it in the conduct of its garage business and that it did not contemplate its destruction by a sale under execution as a possibility consequent upon its failure to pay the premium. Defendant was a reluctant customer. It had previously paid the premium in trade and when notified that cash alone would be accepted, demurred and only finally agreed to take the insurance upon the condition

that it would pay if it could and the policies were to be issued at the risk of plaintiff. If it could not pay it would be all right, etc. It is obvious that defendant was to be the judge of its ability to pay, thus creating a purely potestative condition in the contract which, under the codal provisions referred to, renders the contract null. We attach no importance to the fact that the policies of insurance were not returned by defendant, nor protest made by it upon receipt of bill for the premium, since it was only to pay "if it could".

For the reasons assigned, it is ordered that the judgment of the First City Court be annulled, avoided and reversed and it is now ordered that there be judgment in favor of defendant, dismissing plaintiff's demand with costs of both Courts.